**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FREDDIE L. WAGNER, JR.** | **CIVIL ACTION** |
| **V.** | **NO. 25-1383** |
| **DELGADO COMMUNITY COLLEGE-MARINE/FIRE TRAINING, ET AL** | **SECTION: C (4)** |

**ORDER AND REASONS**

Before the court is a Motion to Dismiss filed by defendants, Board of Supervisors of Louisiana Community and Technical Colleges and Regina Radosta, on April 27, 2026 (R. Doc. 35). The motion is **GRANTED**.

## I. BACKGROUND

Wagner's second amended complaint names two defendants: the Board of Supervisors of Louisiana Community and Technical Colleges and Regina Radosta, in her official capacity.[1] Wagner asserts claims under 42 U.S.C. § 1983 for deprivation of rights, including bodily injury and due process, allegedly caused by official policies, customs, or practices of the Board of Supervisors and its agents,[2] and seeks an injunction against Radosta to prevent future constitutional violations. He does not request past monetary damages.[3]

The claims arise from a live-fire maritime and fire training exercise conducted through Delgado Community College.[4] Wagner claims he was subjected to unlawful physical contact and unsafe conditions during the training exercise, which resulted in injury. The conditions are alleged to have arisen from institutional practices, training failures, and a lack of proper safeguards. No

1 R. Doc. 27 at 1–2, ¶¶ 5–6.
2 *Id.* at ¶¶ 13–14.
3 *Id.* at ¶¶ 15–16.
4 R. Doc. 27 at 2, ¶ 7.

damage for an isolated or accidental event is alleged.[5] Wagner claims he has been denied meaningful remediation and that the violations are ongoing.[6]

Wagner's second amended complaint is at issue and neither refers to nor incorporates any earlier pleadings.[7] Consequently, the subject analysis is confined to the second amended complaint. *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023). The prayer of that complaint requests a declaration that Wagner's constitutional rights were violated, prospective injunctive relief to prevent future harm, costs and fees, and such other relief as the court deems just and proper.[8] Defendants move to dismiss, with prejudice, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and 28 U.S.C. § 1915.[9]

## II. LEGAL STANDARD

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). The party asserting jurisdiction bears the burden of establishing it. *Id.* Because Wagner proceeds *pro se*, his filings are construed liberally, with less stringent standards than pleadings drafted by counsel. *Savage v. Westcott*, 152 F.4th 687, 692 (5th Cir. 2025); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, liberal construction cannot be used to expand jurisdiction which the court does not possess.

---

5 *Id.* at ¶¶ 8, 10.
6 *Id.* at ¶¶ 11–12.
7 *See* R. Doc. 27.
8 *Id.* at 3.
9 R. Doc. 35-1 at 1, 16–17.

## III. DISCUSSION

Absent waiver by the state or valid abrogation by Congress, the Eleventh Amendment bars suit in federal court against a state, its agencies, and its officials acting in their official capacity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984). The bar extends to claims for injunctive and declaratory relief. *Id.* at 101–02.

Louisiana has not consented to be sued in federal court. La. Rev. Stat. § 13:5106(A); *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023). Louisiana's governing boards of higher education are arms of the state and entitled to Eleventh Amendment immunity. Thus, the Board of Supervisors, Delgado's governing board, is entitled to immunity. *See Hall v. Bd. of Supervisors of Cmty. & Tech. Colls.*, No. 15-67, 2015 WL 2383744, at *4 (E.D. La. May 18, 2015).

Wagner claims *Ex parte Young*, 209 U.S. 123 (1908) provides an exception to immunity. . Under limited circumstances, *Ex parte Young* permits suits against a state *official*, but not the state or its agencies. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013); *City of Austin v. Paxton*, 943 F.3d 993, 997–98 (5th Cir. 2019). Here, every form of relief sought against the Board of Supervisors is barred. That jurisdictional defect cannot be cured by an amendment. The Board of Supervisors is dismissed. *See Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996).

Radosta is sued in her official capacity.[10] A suit against a state official in her official capacity is a suit against the state. Such claims can only proceed under the *Ex parte Young* exception. The Fifth Circuit uses two inquiries to determine if the exception applies: (1) whether the complaint alleges an ongoing violation of federal law and seeks prospective relief. *Id.*; *see Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002); and (2) "whether the named

[10] R. Doc. 27 at 2, ¶ 6.

official holds a sufficient 'connection [to] enforcement of the act.'" *White Hat v. Murrill*, 141 F.4th 590, 600 (5th Cir. 2025): (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).

First, although the complaint alleges ongoing violations, it actually seeks retrospective, not prospective, relief. Wagner seeks a declaration that defendants "violated" his constitutional rights.[11] The use of the past tense looks backwards. It seeks adjudication and remediation of past unlawful conduct. That is prohibited by the Eleventh Amendment. *Green v. Mansour*, 474 U.S. 64, 68, 73 (1985); *Pennhurst*, 465 U.S. at 102–03.

Even if the relief requested is prospective, the second inquiry under *Ex parte Young* requires ongoing injury to Wagner. Standing to seek injunctive relief requires more than a past injury. *Smith v. Bd. of Comm'rs of La. Stadium & Exposition Dist.*, 371 F. Supp. 313, 321 (E.D. La. 2019). A plaintiff seeking prospective relief must show a threatened future injury to himself, which is concrete and particularized, and actual or imminent, not conjectural or hypothetical. *Stringer v. Whitley*, 942 F.3d 715, 720–21 (5th Cir. 2019). Wagner must allege continuing, present adverse effects of unlawful conduct to obtain injunctive relief. *Id.*; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

Wagner's complaint arises out of a single training exercise on a single date. He does not allege he is still enrolled at Delgado, nor does he allege he is returning for further training. His allegation the violations are ongoing and the harmful policies and practices remain in effect are not enough, as they don't allege ongoing violations of federal law specifically affecting him.[12]

Wagner attempts to reframe the ongoing violation as institutional reporting deficiencies and complaint-handling failure arising from his report of the May 8 incident.[13] That is not

---

11 *Id.* at 3.
12 R. Doc. 27 at 2, ¶ 12.
13 R. Doc. 36 at 4.

sufficient. A grievance already resolved, even if unsatisfactory, is a completed injury, not a threatened future injury to himself. *See Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).

Last, an injunction against a government official alleged to be responsible for implementing board policies, and who has general oversight responsibility but no policy making authority, is effectively an injunction against the state. *Pennhurst*, 465 U.S. at 101–02. Wagner fails to identify what Radosta is doing, threatening to do, or empowered to do that an injunction could stop. *See Okpalobi v. Foster*, 244 F.3d 405, 414–17 (5th Cir. 2001) (en banc). There is no allegation she has any policy making authority. The allegations fail to establish a connection to the offensive policy sufficient to support liability against Radosta. The claims against Radosta are dismissed for lack of subject matter jurisdiction.

District courts ordinarily afford a plaintiff at least one opportunity to cure pleading deficiencies, particularly a *pro se* plaintiff. Fed. R. Civ. P. 15(a)(2); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Wagner's original complaint has now been amended twice. He requests leave to amend again.[14] But, the Eleventh Amendment bars all claims against the Board of Supervisors. And the claims against Radosta are barred based upon her status as an official without policy making authority, which cannot change. The defects are jurisdictional and cannot be pled away. Because no amendment can establish jurisdiction over these defendants, leave to amend is denied.

## IV. CONCLUSION

**IT IS ORDERED** that defendants' Motion to Dismiss (R. Doc. 35) is **GRANTED**. Wagner's claims against the Board of Supervisors of Louisiana Community and Technical

---

[14] R. Doc. 36 at 6.

Colleges and Regina Radosta are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that leave to amend is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' previously filed Motion to Dismiss (R. Doc. 18) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 14th day of September, 2026.

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE